**Lawrence ERICKSON, Plaintiff,**

v.

**Randall KNAPP and Thomas Hornsby, Defendants.**

**No. SA CV 89–780 AHS(EEx).**

United States District Court,
C.D. California,
Southern Division.

Oct. 1, 1990.

Stephen Yagman, Yagman & Yagman, Venice, CA, for plaintiff.

Paul N. Paquette, Serritella & Paquette, Los Angeles, CA, for defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

STOTLER, District Judge.

Plaintiff's Motion for Summary Adjudication came on regularly for hearing before the Court, the Honorable Alicemarie H. Stotler, District Judge, presiding. The issues having been duly argued by counsel, the Court ruled in accordance with its Tentative Ruling given to counsel prior to the hearing. The text thereof follows.

The Court grants plaintiff's Motion for Summary Judgment. Defendants do not claim probable cause for the seizure of plaintiff's camera nor cite any other exception to the Fourth Amendment's requirement of a warrant. Defendants' sole justification is that seizure of the camera would eliminate plaintiff's "interference."

Defendants' claimed "good faith" belief in the need to seize plaintiff's property at the scene of the fire cannot be upheld as reasonable as a matter of law. Fourth Amendment principles for circumstances permitting arrests and seizures were clearly established in July of 1989. "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonable competent public official should know the law governing his conduct." *Harlow v. Fitzgerald*, 457 U.S. 800, 818–819, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

The Court modified, signed, and filed plaintiff's proposed Statement of Uncontroverted Facts and Conclusions of Law.

IT IS SO ORDERED.